UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-25218-CIV-GOODMAN
[CONSENT CASE]

HIVERSON SCOTT SIMMONS
SARANGO,

    Plaintiff,
v.

PRADO'S GRILL CAFÉ, INC., et al.,

    Defendants.
_____/

# ORDER GRANTING PLAINTIFF'S MOTION
# TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff Hiverson Scott Simmons moves to enforce a settlement agreement between him and Defendants Prado's Grill Café, Inc. d/b/a Ceviche 7 Mares Peruvian Food, and Eulogio Emiliano Benitez Fernandez. [ECF No. 35]. Defendants did not respond to Plaintiff's motion, and the time to do so has since expired.

For the reasons stated below, the Undersigned **grants** the motion to enforce the settlement agreement, enters a **default final judgment** against Defendants in the amount of $5,000, and **reserves jurisdiction** on awarding attorney's fees and costs.

I.    Background

Plaintiff sued Defendants to recover overtime wages under the Fair Labor Standards Act ("FLSA"). [ECF No. 1]. The parties executed a written settlement

agreement regarding all claims and attorney's fees. [ECF No. 35-1]. On March 21, 2017, the Undersigned held a fairness hearing, and on March 22, 2017, the Undersigned entered an Order approving as fair and reasonable the parties' settlement agreement and dismissing the case. [ECF Nos. 33; 34]. The Court also retained jurisdiction to enforce the settlement agreement's terms. [ECF No. 34, p. 3].

Under the settlement agreement, Defendants had to pay a total settlement sum of $8,000 in eight consecutive installments, due on the first of each month. [ECF No. 35-1, p. 1]. For each $1000 payment, the settlement agreement required two checks to be issued, one check for $437.50 to Plaintiff and the other check for $562.50 to the FairLaw Firm. [ECF No. 35-1, p. 1]. These checks had to be delivered each month to the FairLaw Firm located at 7300 North Kendall Drive, Suite 450, Miami, Florida 33156. [ECF No. 35-1, p. 1]. The settlement agreement required payments to begin within 10 days of the Court's Order approving the settlement agreement and dismissing the action. [ECF No. 35-1, p. 1]. Thus, the installments were due on the 1st of every month, beginning on April 1, 2017, and ending on November 1, 2017. [ECF No. 35, p. 1].

Paragraph six of the settlement agreement is a payment-default provision, which states that if Defendants "fail to timely make any payment when due or if any check is not negotiable, then [Defendants] shall be in default of this Agreement." [ECF No. 35-1, p. 1]. This provision also states that notification of the default may occur by email to defense counsel, and that Defendants have five days from the notification to cure the

2

default. [ECF No. 35-1, p. 1]. If Defendants "fail to cure any default in payment under this agreement, then Plaintiff shall be entitled to receive a default judgment in the amount of $10,000, minus all payments made, plus his attorneys' fees and costs for enforcement of this Agreement." [ECF No. 35-1, pp. 1-2].

Defendants paid the first five installments (from April 2017 to August 2017), which totaled $5,000. [ECF No. 35, p. 2].[1] In an email sent on September 20, 2017, Plaintiff's counsel notified defense counsel that the September installment payment was not received and, in accordance with the settlement agreement, Plaintiff would file a default judgment motion if the default was not cured by September 25, 2017. [ECF No. 35-2]. Plaintiff did not receive further payment from Defendants. [ECF No. 35, p. 3].

On September 28, 2017, Plaintiff filed the motion to enforce the settlement agreement. [ECF No. 35]. Plaintiff seeks a default judgment of $5,000 ($10,000 minus the $5,000 already paid), exclusive of attorney's fees and costs. [ECF No. 35, p. 3].

**II.  Analysis**

"A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987) (internal citation omitted). Under

---

[1]  Plaintiff states in his motion that even for these payments, "Defendants exhibited a pattern of failing to timely make the payments due" and that Plaintiff had to issue several default notifications to defense counsel, even though Defendants eventually cured these defaulted payments. [ECF No. 35, p. 2].

3

Florida law, "'settlements are highly favored and will be enforced whenever possible.'" *Coquina Invs. v. TD Bank, N.A.*, 760 F.3d 1300, 1318 (11th Cir. 2014) (quoting *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985)). And as with any contract, the Court must enforce the plain meaning of the settlement agreement's unambiguous provisions. *F.W.F., Inc. v. Detroit Diesel Corp.*, 308 F. App'x 389, 393 (11th Cir. 2009).

Defendants do not dispute the meaning of the settlement agreement's terms as related to payment, timing of payment, or Plaintiff's entitlement to a judgment upon an uncured default in payment. There is also no dispute that Defendants failed to timely make payment, that Plaintiff provided written notice of default to Defendants, and that Defendants failed to make any payment after having received a written notice of default.

As a result, the Undersigned **grants** the motion to enforce settlement, enters a **final default judgment** against Defendants Pardo's Grill Café, Inc. d/b/a Ceviche 7 Mares Peruvian Food, and Eulogio Emiliano Benitez Fernandez, jointly and severally, in the amount of $5,000, and **reserves jurisdiction** on awarding Plaintiff additional attorney's fees and costs in relation to this motion. Plaintiff has until September 1, 2018

4

to file a motion for attorney's fees and costs.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on August 2, 2018.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record